JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG PHAM,<br><br>  Petitioner,<br><br> v.<br><br>KRISTI NOEM, Secretary of Department of Homeland Security, et al.,<br><br>  Respondents. | Case No. 5:25-cv-03373-MEMF-PD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Dung Pham ("Petitioner") filed a Petition for Writ of Habeas Corpus seeking release from Respondents' custody. Dkt. No. 1. On December 22, 2025, the Court granted Petitioner's request for a temporary restraining order and ordered Respondents to release Petitioner from custody as soon as reasonably practicable, and not re-detain her without compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i) and 8 U.S.C. § 1231. Dkt. No. 11. On December 23, 2025, Petitioner was released and placed on electronic monitoring. Dkt. No. 14 at 2. On January 12, 2026, the Court granted Petitioner's application for a preliminary injunction. Dkt. No. 17. Besides arguing that the case is moot, Respondents did not otherwise attempt to show

why a preliminary injunction should not issue. *Id.* at 2. In finding that the habeas petition is not moot, the Court stated that Respondents have continued to place Petitioner on electronic monitoring – a condition that was not among Petitioner's conditions of release until October 13, 2025. *Id.* at 4. The Court found that because Petitioner continues to be subject to electronic monitoring, Petitioner is in custody within the meaning of 28 U.S.C. § 2241. *Id.*

The subsequent Order Requiring Response to the Petition required Respondents to address "the legal justification for subjecting Petitioner to electronic monitoring as a new condition of release." Dkt. No 18 at 1-2. In their Answer to the Petition and at the hearing on this matter, Respondents reiterated their argument that the Petition is moot and did not provide the legal justification for the electronic monitoring condition. Dkt. No. 19 at 2. In the Reply and at the hearing, Petitioner argued that no legal justification exists, noting that Petitioner was placed on electronic monitoring upon her release despite decades of uninterrupted compliance with it. Dkt. No. 21 at 5.

This Court previously found that Petitioner was likely to succeed on the merits of her Petition. Respondents' Answer provides no arguments in addition to those previously considered and rejected by the Court. The Court finds that the Petition is not moot and that Petitioner remains in custody under 28 U.S.C. § 2241 for the reasons stated in the prior orders. *See* Dkt. Nos. 11, 17. The Court further finds there is no legal or factual basis for Petitioner's placement on electronic monitoring.

For the foregoing reasons, the Petition is GRANTED and the Court ORDERS as follows:

1. Respondents are ORDERED that they may not re-detain Petitioner without timely following the procedures in 8 C.F.R. §§ 241.4(l)(1) and 241.13(i); and

2. Respondents are ORDERED to remove Petitioner's electronic monitoring forthwith.

IT IS SO ORDERED.

DATED: March 5, 2026

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE